IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

ANDREW PHILIP BURDEN
PETITIONER

CA: 3:05CV682-f

-VS-

KENNITH JONES (WARDEN)
RESPONDENT

---

"MEMORANDUM OF SUPPORT"
"28 USC 2254"

---

NO ATTORNEY FOR PETITIONER
ANDREW PHILLIP BURDEN
100 WARRIOR LANE
BESSEMER ALABAMA 35023

ATTORNEY FOR RESPO-
NDENT ATTORNEY GEN-
ERAL, 11 SOUTH UNION
STREET MONTGOMERY
ALABAMA 36130-0152

## MEMORANDUM OF SUPPORT

THIS PETITIONER MOVES THIS COURT BY 28 U.S.C 2254, BY THE PROPER FORMS ATTACHED:

## "PROCEDURAL HISTORY"

THE PETITIONER ANDREW PHILIP BURDEN, PLEA GUILT APRIL 14, 1992, TO BURLARG 3ᴺᴰ DEGREE" SENTENCE TO 15 YEARS IMPRISONMENT.

## "FACTS"

THE PETITIONER FILED A RULE 32, BACK INTO THE CIRCUIT COURT OF RANDOLPH COUNTY, RAISING THE COURT WAS WITHOUT JURISDICTION TO RENDER THE JUDGMENT OR TO IMPOSE THE CONVICTIONS OF SENTENCE, BECAUSE BURDEN WAS WITHOUT REPRESENTED AT SENTENCED? YES;

AND THE COURT NEVER EXELITED THE STATE MOTION TO SENTENCE BURDEN UNDER THE HABITUAL OFFENDER ACT? YES;

THE CIRCUIT COURT OF RANDOLPH COUNTY DENIED THE RULE 32, AS BEEN WITHOUT MERIT, THEREFORE THE PETITIONER APPEALED INTO THE ALABAMA CRIMINAL COURT OF APPEALS;

THE ALABAMA CRIMINAL COURT OF APPEALS AFFIRMED NO OPINION" CR_04_1260, RANDOLPH COUNTY CIRCUIT COURT CC_92_017, 020.

THE FACTS ARE THIS PETITIONER HAS EXHAUSTED REMEDIES AT STATE COURT LEVEL SUFFICIENT ENOUGH TO ENTER INTO FEDERAL COURT BY AVENUE OF 28, U.S.C 2254; SMITH VS. WHITE, 719 F.2D 390 1983;

IN LIGHT OF LIMITED JURISDICTION OF THE ALABAMA SUPREME COURT FEDERAL HABEAS PETITIONER IS NOT REQUIRED AFTER AFFIRMANCE OF CONVICTION BY THE ALABAMA CRIMINAL COURT OF APPEALS TO SEEK WRIT OF CERTIORARI FROM THE ALABAMA SUPREME COURT FOR THE PURPOSE OF EXHAUSTING STATE COURT REMEDIES.

AT THE ENTRY OF THIS 2254, HABEAS CORPUS BY AND THROUGH THE AUTHORITY OF BUND V. VS. WAINWRIGHT 808 F. 2D 1410_1415, THIS PETITIONER HIGHLY REQUEST THAT THIS COURT PLACE THE BURDEN UPON THE STATE OF ALABAMA TO COME FORWARD WITH ALL THE RECORDS OF ANDREW PHILIP BURDEN`;

ALL BRIEFS FILED BY PETITIONER COPIES OF RULE 32, FILED BY THE PETITIONER, AND COPIES OF ALL THE STATES MOTIONS`;

THIS PETITIONER IS DEPENDING ON INMATE ASSISTANCE, WHERE AS HE PLEAS NOT TO BE PENALIZED FOR NOT BEING PROFESSIONAL TRAINED AT LEGAL LAW...;

## ARGUMENT I.

THE COURT WAS WITHOUT JURISDICTION TO RENDER THE JUDGMENT OR TO IMPOSE THE CONVICTIONS BECAUSE PETITIONER WAS WITHOUT REPRESENTED AT SENTENCED

## FACTS IN SUPPORT

THE RECORD IN THIS CASE REFLECTS THAT ON MARCH 12, 1992, PETITIONER WAS ARRAIGNED, THE RECORD ALSO REFLECTS ATTORNEY KEITH WARREN WAS PRESENT AT THIS TIME AS INDICAED BY HIS SINATURE ON SAID

2

DOCUMENT. (SEE EXHIBIT A ATTACH TO 2254 PETITION. ALSO SEE THE RECORD BEFORE THIS COURT AT PAGE 21).

ON APRIL 14, 1992 THE RECORD IN THIS CASE REFLECTS THAT HIS ATTORNEY KEITH WARREN WAS PRESENT WHEN BOTH PARTIES SIGNED THE EXPLANATION OF RIGHTS AND PLEA OF GUILT FORM AS INDICATED BY HIS SINATURE ON SAID DOCUMENT. (SEE EXHIBIT B ATTACH TO THE 2254, PETITION. ALSO SEE THE RECORD BEFORE THIS COURT AT PAGE 22).

HOWEVER, PETITIONER WERE NOT SENTENCE UNTIL JUNE 15, 1992. SAME (60) DAYS AFTER THE ABOVE NOTED DOCUMENTS WAS SIGNED BY PETITIONER ATTORNEY KEITH WARREN. THERE IS NOT ANY NOTATION ON THE SENTENCING ORDER TO REFLECT THAT ATTORNEY KEITH WARREN WAS PRESENT OF IN COURT DURING THE ACTUAL SENTENCING. (SEE EXHIBIT C ATTACH TO THE 2254 PETITION. ALSO SEE THE RECORD BEFORE THIS COURT AT PAGE 23).

## ARGUMENT II

THE COURT WAS WITHOUT JURISDICTION TO IMPOSE THE CONVICTIONS OR SENTENCE. AS THE JUDGE NEVER EXECUTED THE STATE MOTION GRANTED TO SENTENCING PETITIONER UNDER THE HABITUAL OFFENDER ACT.

## FACTS IN SUPPORT

PETITIONER SHOWS THIS COURT THAT HIS SENTENCE IN CASE 92-017, AND 020. IS VOID BECAUSE BURGLARY IN THE THIRD DEGREE A CLASS (C) FELONY IS NOT LESS THAN (1) YEAR AND (1) DAY NOT MORE THAN (10) YEARS IMPRISONMENT. 13A-5-6, 13A-7-7, ALA. CODE 1975.

3

PETITIONER SHOWS THIS COURT THAT HE WAS SENTENCED TO (15) YEARS IN THE STATE PENITENTIARY ON A GUILTY PLEADS FOR BURGLARY IN THE THIRD DEGREE ON BOTH CASE. A CLASS (C) FELONYS. THE MAXIMUM TERM OF IMPRISONMENT FOR CONVICTIONS IS (10) YEARS AND THERE WAS NOTHING IN THE SENTENCING ORDER TO INDICATE THAT THE HABITUAL FELONY OFFENDER ACT APPLIED. THE IMPOSITION OF A (15) YEARS SENTENCE WAS IMPROPER. PUGH VS. STATE 536 So. 2D. 99 (ALA. CR. APP. 1986) (SEE EXHIBIT C. ATTACH TO THE 2254 PETITION. ALSO. SEE THE RECORD BEFORE THIS COURT AT PAGE 23).

PETITIONER ALSO AVERS THAT THE INSTANT CONVICTIONS WERE SUBSEQUENTLY USED AS VALID PRIORS UNDER THE HFOA 13A-5-9. CODE OF ALA. TO ENHANCE HIS PRESENT TERM IMPRISONMENT. INVALID OR VOID CONVICTION OF SENTENCE OF UNCONSTITUTIONAL. JERRY VS. STATE. 719 So. 2D 263 (ALA. CR. APP. 1997)

PETITIONER AVERS THAT BOTH CONVICTIONS FOR BURGLARY IN THE THIRD DEGREE IN 92-017 + 020 HAVE ESTABLISHED CUSTODY ON CHALLENGE TO EARLIER CONVICTION IF THERE IS A POSITIVE DEMONSTRABLE RELATIONSHIP. BETWEEN THE PRIOR CONVICTIONS AND THE PETITIONER PRESENT INCARCERATION. SUFFICIENT IF VACATING THE PRIOR CONVICTIONS WOULD GIVE THE PETITIONER CREDIT AGAINST HIS PRESENT SENTENCE. SINCLAIR VS. BLACKBURN. 599 F. 2D 673 676 (5TH CIR. 1979) (SEE EXHIBIT D. ATTACH TO THE 2254. PETITION).

4

## ARGUMENT III

# WHETHER THE TRIAL COURT ERRED IN DENYING PETITIONER RULE 32. AS BEEN WITHOUT MERIT.

## FACTS IN SUPPORT

PETITIONER AVERS THAT THE CIRCUIT COURT OF RANDOLPH COUNTY FAILURE TO STATE REASONS FOR DENYING PETITION FOR POSTCONVICTION RELIEF WARRANTED REMAND FOR COURT TO HOLD AN EVIDENTIARY HEARING. (SEE COURT ORDER AT PAGE 36 OF THE RECORD BEFORE THIS COURT).

PETITIONER AVERS THAT POST CONVICTION RELIEF CLAIM MAY NOT BE SUMMARILY DISMISSED BECAUSE THE PETITIONER FAILED TO MEET HIS BURDEN OF PROOF AT THE INITIAL PLEADING STAGE, A STAGE AT WHICH THE PETITIONER HAS ONLY A BURDEN TO PLEAD, BORDERS VS. STATE, 891 So. 2D 393 (ALA. CR. APP. 2002) (SEE STATE RESPONSE AT PAGE 28-29.30 OF THE RECORD BEFORE THIS COURT).

IN IT'S ORDER DENYING PETITIONER PETITION AS BEEN WITHOUT MERIT. HOWEVER, PETITIONER HAD NO BURDEN OF PROOF AT THE PLEADING STAGE, AS THIS COURT EXPLAINED IN FORD VS. STATE, 831 So. 2D 641 (ALA. CR. APP. 2001):

> "AT THE PLEADING STAGE OF RULE 32 PROCEEDINGS, A RULE 32, PETITIONER DOES NOT HAVE THE BURDEN OF PROVING HIS CLAIMS BY A PREPONDERANCE OF THE EVIDENCE. RATHER, AT THE PLEADING STAGE, A PETITIONER MUST PROVIDE ONLY A CLEAR AND SPECIFIC STATEMENT OF THE GROUNDS UPON WHICH RELIEF

IS SOUGHT. RULE 32.6(B), A.R.CR.P. ONCE A PETITIONER HAS MET HIS BURDEN OF PLEADING SO AS TO AVOID SUMMARY DISPOSITION PURSUANT TO RULE 32.7(d) ALA. R. CR. P., HE IS THEN ENTITLED TO AN OPPORTUNITY TO PRESENT EVIDENCE IN ORDER TO SATISFY HIS BURDEN OF PROOF."

831 So.2D AT 644. SEE ALSO THOMAS VS. STATE (MS. CR-03-0729, JUNE 25, 2004) _So.2D _(ALA. CR. APP. 2004); JOHNSON VS. STATE, 835 So.2D 1077 (ALA. CR. APP. 2001) (SEE THE RECORD BEFORE THIS COURT AT PAGE 31-32).

MOREOVER, CONTRARY TO THE CIRCUIT COURT'S FINDING, PETITIONER SATISFIED HIS BURDENS OF PLEADING UNDER RULE 32.3. AND 32.6(B), ALA. R. CR. P..

THEREFORE, THE CIRCUIT COURT ERRED IN FINDING THAT PETITIONER FAILED TO PLEAD AND PROVE HIS CLAIM AND WAS WITHOUT MERIT. (SEE RECORD BEFORE THIS COURT AT PAGE 31-32).

6

CONCLUSION

WITH ALL THE PREMISE CONSIDERED THIS PETITIONER PLEAS IN GOOD FAITH FOR THIS COURT TO GRANT THIS FOREGOING 28 USC 2254 HABEAS CORPUS, SET A DATE FOR EVIDENTIARY HEARING, MAKE ORDERS FOR THE ATTORNEY GENERAL'S OFFICE TO COME FORWARD WITH ALL THE RECORDS, APPOINT LEGAL COUNSEL TO ASSIST PETITIONER WITH THIS PROCEDURE OF 2254, HABEAS CORPUS.

PETITIONER PRAYS FOR THE RELIEF SOUGHT IN GOOD FAITH AND GOOD CAUSE.

RESPECTFULLY SUBMITTED THIS THE 22 DAY OF JULY 2005.

Andrew P. Burden
100 WARRIOR LANE
BESSEMER ALABAMA 35023

7