IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANDREW PHILLIP BURDEN,<br>AIS# 148280<br><br>   Petitioner,<br><br>VS.<br><br>KENNETH JONES, *et al.*,<br><br>   Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.<br>) 3:05-CV-682-F<br>)<br>)<br>)<br>)<br>) |

## RESPONDENTS' ANSWER TO COURT'S
## ORDER TO SHOW CAUSE

Come now Respondents, by and through the Attorney General of the State of Alabama, and file their response to this Court's Order to Show Cause dated August 3, 2005. In response, Respondents file the following answer, memorandum brief, and exhibits.

### PROCEDURAL HISTORY

1.  Burden pleaded guilty to third degree burglary and was sentenced on June 15, 1992 to 15 years' imprisonment. Petition for Writ of Habeas Corpus, p. 2.

He did not directly appeal these convictions and did not file any post-conviction petition in state court challenging this conviction.[1]  Petition, p. 3.

### BURDEN'S FEDERAL HABEAS CLAIMS

2. On July 22, 2005, Burden filed a writ of habeas corpus petition raising the following claims:

> (1) The trial court lacked jurisdiction to render judgment or impose sentence because he was not sentenced until June 15, 1992 and the record does not reflect that his attorney was present during sentencing;
>
> (2) The trial court was without jurisdiction to impose sentence because the sentencing order does not indicate that he was sentenced according to the Habitual Felony Offender Act; and
>
> (3) The trial court erred in summarily dismissing his Rule 32 petition because he was only at the pleading stage.

3. On August 3, 2005, this Court entered an order requiring Respondents to show cause why Burden's habeas corpus petition should not be granted.

---

[1] Although Burden refers to a Rule 32 petition in his petition and in his "Memorandum of Support," the record reflects that this petition challenged his 2002 murder conviction rather than his 1992 burglary conviction challenged in his current federal habeas petition. Petition, p. 6; Memorandum, p. 1.

## ANSWER TO THE PETITION

4. Burden's present federal habeas corpus petition is untimely under the one-year statute of limitation provision of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). His petition was filed more than one year after the time for filing his direct appeal in state court had expired.

5. Respondents deny Burden is presently incarcerated in a state facility resulting from his third degree burglary conviction, and deny he is in custody in violation of the laws or constitution of the United States. Burden appears to have served his sentence for third degree burglary and is presently incarcerated for a 2002 murder conviction. Burden's conviction and sentence were validly and constitutionally obtained.

## MEMORANDUM BRIEF IN SUPPORT OF ANSWER

6. Burden's federal habeas petition is due to be dismissed because his claim is barred by the statute of limitation. His federal habeas petition was filed on July 22, 2005, approximately thirteen years after his time for filing a direct appeal on his guilty plea had expired. Because he was sentenced on June 15, 1992, his time for directly appealing his guilty plea expired on July 27, 1992 and his time for filing a federal habeas petition expired, at the latest, one year later from the effective date of the AEDPA, on April 24, 1997. See Wilcox v. Florida

3

Department of Corrections, 158 F.3d 1209, 1211 (11th Cir. 1998)(when petitioner's conviction becomes final before the effective date of the AEDPA (April 24, 1996), the petitioner has one year from that date in which to file a federal habeas petition). Burden's Rule 32 petition filed in 2003 did not toll the limitation period, as it challenged a different conviction[2] and was filed following the expiration of the limitation period. See Webster v. Moore, 199 F. 3d 1256, 1259 (11th Cir. 2000)("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Accordingly, Burden's federal habeas petition is barred by the statute of limitation.

## CONCLUSION

Based upon the foregoing authorities and facts, Burden's federal habeas corpus petition should be dismissed with prejudice.

                                        Respectfully submitted,

                                        Troy King (KIN047)
                                        Attorney General
                                        By:

                                        s/John M. Porter
                                        John M. Porter (ASB5818-P77J)
                                        Assistant Attorney General

---

[2] See State's Exhibit A.

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of August, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document (including all exhibits) to the following non-CM/ECF participants: Andrew Phillip Burden, AIS# 148280, Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, Alabama 35023.

                                      Respectfully submitted,

                                      s/John M. Porter
                                      John M. Porter(ASB5818-P77J)
                                      Office of the Attorney General
                                      Alabama State House
                                      11 South Union
                                      Montgomery, AL  36130-0152
                                      Telephone: (334) 242-7300
                                      Fax: (334) 242-2848
                                      E-Mail: JPorter@ago.state.al.us

216147/84133-001

## EXHIBITS

Exhibit A   -   Court of Criminal Appeals' unpublished memorandum opinion in <u>Burden v. State</u>, CR-04-1260 (Ala. Crim. App. Jun. 10, 2005).