IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANDREW PHILLIP BURDEN, #148280, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:05-CV-682-F |
| ) | |
| KENNETH JONES, et al., ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Andrew Phillip Burden ["Burden"], a state inmate, on July 22, 2005. In this petition, Burden challenges convictions for third degree burglary imposed upon him by the Circuit Court of Randolph County, Alabama on April 14, 1992 pursuant to his guilty plea. On June 15, 1992, the trial court sentenced Burden to concurrent terms of fifteen (15) years imprisonment for these convictions.[1] The petitioner did not file a direct appeal of his burglary convictions and such convictions therefore became final by operation of law on July 27, 1992.

Pursuant to the orders of this court, the respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year period of limitation

---

[1] Although Burden contends that he was not represented by counsel at sentencing, the exhibits filed in support of the habeas petition directly refute this assertion. Specifically, the sentencing order establishes that "[t]he defendant and counsel . . . appeared in open court for the defendant to be sentenced on his" convictions of third degree burglary. *Petitioner's Exhibit C*.

applicable to 28 U.S.C. § 2254 petitions, *see* 28 U.S.C. § 2244(d)(1),[2] as Burden failed to file this petition within the "grace period" allowed under applicable case law. Specifically, the respondents assert that because Burden's convictions became final in 1992, before the effective date of the AEDPA, "his time for filing a federal habeas petition expired at the latest, one year [after] the effective date of the AEDPA, on April 24, 1997. *See Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998) (when petitioner's conviction becomes final before the effective date of the AEDPA . . ., the petitioner has one year from that date in which to file a federal habeas petition)." *Respondents' Answer* at 3-4. The respondents further maintain that the petitioner failed to file a state post-conviction action challenging his burglary convictions thereby forgoing a statutory tolling of the limitation period. *Id*. at 4. Although Burden filed a state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure on January 18, 2005 challenging a murder conviction imposed upon him on October 30, 2002, *see Respondents' Exhibit A*, they argue that this petition fails to toll the limitation period as it does not challenge the burglary convictions pertinent to this federal habeas action and "was filed following the expiration of the limitation period." *Respondents' Answer* at 4.

Upon review of the pleadings filed in this case, it is clear that Burden failed to file the instant § 2254 petition within the time allowed by the law of this Circuit. Title 28 U.S.C.

---

[2] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

2

§ 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgments expired. The petitioner was convicted on two counts of third degree burglary by the Circuit Court of Randolph County on April 14, 1992. The trial court imposed sentence for these convictions on June 15, 1992. However, Burden did not file a direct appeal of these convictions. In light of the foregoing and by operation of law, these convictions became final on July 27, 1992 -- forty-two days after imposition of sentence as this is the date on which his time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. Thus, Burden's 1992 burglary convictions became final prior to enactment of the AEDPA. If this court retroactively applied the AEDPA, the one-year limitation period contained in section 2244(d)(1)(A) would have expired on Burden's convictions in 1993. However, the Eleventh Circuit has held that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Burden], whose convictions became final long prior to the effective date of the AEDPA . . . 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). The Court further determined that prisoners in this position must be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file their § 2254 petitions, and determined that "a reasonable time" is until April 24, 1997 -- "one year from the AEDPA's

3

effective date." *Id*.

As previously noted, the petitioner's burglary convictions became final on July 27, 1992. The applicable limitation period therefore began to run on April 24, 1996, upon enactment of the AEDPA, and ran uninterrupted until its expiration on April 24, 1997. The law, however, provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review *with respect to the pertinent judgment or claim* is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2) (emphasis added). Although the petitioner filed a state collateral action in January of 2005, this petition did not toll the one-year period of limitation applicable to the instant action as it did not challenge Burden's 1992 burglary convictions; rather, this state petition attacked a murder conviction entered against the petitioner in 2002. Moreover, Burden filed this state petition after the one-year period of limitation applicable to his burglary convictions had expired. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Tinker v. Moore*, 255 F.3d 1331, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").

Consequently, the court concludes that the tolling provision provided in § 2244(d)(2) is unavailing and the time allowed petitioner for the filing of a federal habeas petition expired on April 24, 1997.

Burden filed the instant habeas petition July 22, 2005. Under the circumstances of this case as outlined herein, the reasonable time period afforded the petitioner under *Goodman* and *Wilcox* to file a federal habeas petition expired over eight (8) years prior to Burden filing the instant federal habeas petition. Accordingly, it is

ORDERED that on before September 8, 2005 the petitioner shall show cause why this petition for federal habeas corpus relief should not be dismissed as it was not filed within the requisite reasonable time period after enactment of the AEDPA.

DONE, this 30th day of August, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE