IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA EASTERN DIVISION

ANDREW PHILLIP BURDEN
    PETITIONER

VS.

KENNETH JONES, ET AL.,
    RESPONDENTS.

RECEIVED 2005 SEP -9 A 9:54

CIVIL ACTION NO: 3:05 CV 682 -F

## PETITIONER "CAUSE" WHY HIS PETITION SHOULD NOT BE BARRED BY THE ONE-YEAR STATUTE OF LIMITATIONS

COMES "ANDREW PHILLIP BURDEN" THE PETITIONER AND HEREBY GIVES CAUSE WHY HIS PETITION SHOULD NOT BE BARRED BY THE ONE-YEAR STATUTE OF LIMITATIONS AS FOLLOWS:

(1)

AS TO THE RESPONDENT MOTION TO DISMISS PETITIONER WILL PLED EXTRAORDINARY CIRCUMSTANCES WHICH REQUIRE A CONTRARY CONCLUSION THE ELEVENTH CIRCUIT HAS STATED THAT:

SECTION 2244 IS A STATUTE OF LIMITATIONS NOT A JURISDICTIONAL BAR, THEREFORE IT PERMITS EQUITABLE TOLLING "WHEN A MOVANT UNTIMELY FILES BECAUSE OF EXTRAORDINARY CIRCUMSTANCES THAT ARE BOTH BEYOND HIS CONTROL AND UNAVOIDABLE EVEN WITH DILIGENCE. SANDVIK VS. UNITED STATES, 177 F.3D 1269

IN THE CASE OF Cook vs. Malery, 847 F, 2D 616 9TH CIR. 1988), THE COURT OF APPEALS FOUND JURISDICTION EXTENDS TO FULLY SERVED PRIOR CONVICTIONS. COOK WAS CHALLENGING A THIRTY (30) YEARS OLD PRIOR CONVICTION.

THE COURT STATES: WE CONCLUDE THE CUSTODY REQUIREMENT ARE SATISFIED IN SUCH A CASE WHERE THE STATE USED A PRIOR CONVICTION TO ENHANCE A PRESENT OR FUTURE SENTENCE. FAIRNESS REQUIRES THAT SUCH RESTRAINTS ON AN INDIVIDUALS LIBERTY BE JUSTIFIED.

PETITIONER ASSERT THAT HIS EXTRAORDINARY CIRCUMSTANCES SURROUNDING HIS LATE FILING OF HIS FEDERAL HABEAS PETITION IS THAT THIS PETITIONER AFTER DILIGENT SEARCH AND RESEARCH OF FACTS AND INFORMATION MADE AWARE TO ~~him~~ THAT HIS 1992. CONVICTIONS AND SENTENCE WERE ILLEGAL ON OR ABOUT NOV 2004.

ON SEPT 25TH 2001. THE RANDOLPH COUNTY DISTRICT ATTORNEY OFFICE FILED NOTICE TO PETITIONER OF PREVIOUS CONVICTIONS FOR CONSIDERATION UNDER THE ALABAMA HABITUAL OFFENDER STATUS. EXHIBIT A

A FEDERAL HABEAS CORPUS PETITIONER IS ENTITLED TO AN EVIDENTIARY HEARING IF HE ALLEGES FACTS WHICH IF PROVEN WOULD ENTITLE HIM TO RELIEF. TOWNSEND VS. SAIN, 372 U.S. 293 (1963) AND THE ELEVENTH CIRCUIT COURT OF APPEALS HAS NUMEROUSLY UPHELD THE SUPREME COURT IN: GOLSTON VS.

ALABAMA ATTORNEY GENERAL, 625 F. 2D 180 (AT) 194 11TH CIR. 1991); AGON VS. DUGGER, 835 F. 2D 1337 (11TH CIR. 1987), THE SUPREME COURT FURTHER AFFIRMED IT'S STAND IN TOWNSEND VS. SAIN, (SUPRA) IN BAREFOOT VS. ESTELLE, 463 U.S. 880 (AT) 893 97 (4) (1983).

THE QUESTIONS HERE IN THE CAUSE BEFORE THIS COURT ARE "ADEQUATE TO DESERVE ENCOURAGEMENT TO PROCEED FURTHER. THE RESPONDENTS HAVE NOT REFUTED PETITIONER CLAIMS BY THE "ANSWER" OF AUGUST 23RD BUT HAVE RELIED UPON A "PROCEDURAL FORECLOSURE" TO GAIN A SUMMARY BAR.

YOUR PETITIONER BELIVES THAT HE HAS SHOWED MORE THAT JUST A PAPLE CAUSE WHY HIS PETITION SHOULD NOT BE BARRED BY THE ONE YEAR STATUTE OF LIMITATIONS AND HE PLEADS TO BE ALLOWED TO PROCEED ON THE MERITS IN THIS CAUSE.

## Conclusion

BASED UPON THE FOREGOING REASONS THE PETITIONER IS ENTITLED TO A HEARING BEFORE THIS COURT ON THE MERITS OF THESE ISSUE PRESENTED WITH THE APPOINTENT OF COUNSEL.

*Andrew P. Burden*
100 WARRIOR LANE
BESSEMER AL 35023

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS 7TH DAY OF SEPT 2005, I FILE THE FOREGOING WITH THE CLERK OF THE COURT AND I HEREBY CERTIFY THAT I HAVE MAILED BY U.S. MAIL UPON THE STATE OF ALABAMA ATTORNEY GENERAL BY PLACING SAME IN THE U.S. MAIL WITH FIRST CLASS POSTAGE.    *Andrew P. Burden*