IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

Andrew Phillip Burden #148280
    Petitioner,

vs.

                      CIVIL ACTION NO.
                      3:05-CV-682-MEF

Kenneth Jones, et al.,
    Respondents.

MOTION FOR DISPOSITION OF HABEAS PETITION

Comes now, the Petitioner, Andrew Phillip Burden #148280, in the above action and request final disposition, and show in support the following:

FACTS

On July 26, 2005, Petitioner filed a section 2254 petition for Writ of Habeas Corpus challenging his conviction and sentence for Burglary Third (two counts) from Randolph County, Alabama.

On August 03, 2005, this court ordered the Respondents to answer the Habeas petition.

On August 23, 2005, the Respondents filed a answer to the Habeas petition.

On August 30, 2005, this court ordered Petitioner to show cause why the Habeas petition should not be dismissed as it was not filed within the requisite reasonable time period after enactment of the AEDPA.

On September 09, 2005, Petitioner filed a Response to the order to show cause, which included a Motion For Appointment of Counsel and Evidentiary Hearing.

On September 20, 2005, this court denied Petitioner's Motion For Appointment of Counsel.

On September 28, 2005, this court denied Petitioner's Motion For Evidentiary Hearing.

On October 12, 2005, Petitioner filed objections to this court's denial of his Motion For Evidentiary Hearing.

On November 02, 2005, this court overruled Petitioner's objections, but ordered this case be referred back to the Magistrate Judge for appropriate action.

On May 24, 2006 Petitioner filed a Motion for Case Action Summary, and Notice of Change of Address.

On May 25, 2006, this court granted Petitioner's Motion For Case Action Summary, which was construed as a motion for status.

As of this date Petitioner have not received any action by the Magistrate Judge regarding this court's order- referring the case back to the Magistrate Judge. Approximately sixteen (16) months have elapsed with no action by the Magistrate Judge, is unreasonable.

### DISCUSSION

This court's sixteen (16) Month delay in disposing of the Habeas petition violates the fundamentals of safe-guarding indivdiual freedom against arbitrary and lawless state action.

Harris v. Nelson, 394 U.S. 289, 22 L.Ed 2d 281, 89 S.ct. 1082 (1969). As the court in Fay v. NOIA, 372 U.S. 391, 401-402, 9 L.Ed 2d 837, 846, 83 S.ct. 822 (1963), stated, the office of writ of Habeas Corpus is to provide a "prompt" and efficacious remedy for whatever society deems to be intolerable restraints. See Peyton v. Rowe, 391 U.S. 54, 65-67, 20 L.Ed 2d 426, 433-434, 88 S.ct. 1549 (1968).

### RELIEF

Wherefore, Petitioner request this court to dispose of his Habeas petition as the law require.

Dated: 3-12-07

Andrew Burden
#148280-B1-131A
Staton Corr. Facility
P. O. Box 56
Elmore, AL 36025

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

    OFFICE OF ATTORNEY GENERAL
    11 SOUTH UNION STREET
    MONTGOMERY, ALABAMA 36130

by placing the same in the United States Mail, Postage Prepaid, this 12 day of March, 2007.

    *Andrew Burden*
    #148280-B1-31A
    Staton Corr. Facility
    P. O. Box 56
    Elmore, Alabama 36025