IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANDREW PHILLIP BURDEN, ) | |
| AIS #148280, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:05-CV-682-MEF |
| ) | [WO] |
| KENNETH JONES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION AND PROCEDURAL HISTORY

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Andrew Phillip Burden ["Burden"], a state inmate, on July 22, 2005.[1] In this petition, Burden challenges convictions for third degree burglary entered against him by the Circuit Court of Randolph County, Alabama on April 14, 1992. On June 15, 1992, the court sentenced Burden to concurrent sentences of fifteen years imprisonment for these

---

[1] Although the Clerk stamped the present petition "filed" on July 26, 2005, the petitioner certified that he executed the memorandum filed in support of the petition on July 22, 2005. Thus, this is the earliest date Burden could have deposited the petition and its accompanying memorandum in the prison mail system for mailing to this court. The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant habeas petition] was delivered to prison authorities the day [Burden] signed..." the accompanying memorandum brief. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing and for purposes of proceedings herein, the court considers July 22, 2005 as the date of filing.

convictions.² By operation of law, Burden's convictions for third degree burglary became final on July 27, 1992.

Pursuant to the orders of this court, the respondents filed an answer in which they argue that the instant federal habeas petition is barred by the limitation period applicable to 28 U.S.C. § 2254 petitions as Burden failed to file the petition within the applicable grace period.³ Specifically, the respondents maintain that Burden had until April 24, 1997 in which to file a § 2254 petition because his convictions became final in 1992, before the effective date of the AEDPA, and he filed no state post-conviction petition challenging these convictions during the running of the relevant period of limitation. *Respondents' Answer - Court Doc. No. 8* at 3-4. Although Burden filed a state post-conviction action in January of 2005, the respondents argue this petition "did not toll the limitation period, as it challenged a different conviction [- Burden's 2002 murder conviction - rather than the

---

²Burden argues that the trial court lacked jurisdiction to render judgment or impose sentence because (i) he was not represented by counsel at sentencing, and (ii) the sentence imposed exceeds the maximum authorized by law as nothing in the sentencing order indicates his sentence was due to be enhanced under the Habitual Felony Offender Act. He also complains that the trial court erred in denying his Rule 32 petition challenging a 2005 murder conviction. The exhibits filed by Burden directly refute his allegation regarding a lack of representation at sentencing. Specifically, the sentencing order establishes that "[t]he defendant and counsel ... appeared in open court for the defendant to be sentenced on his" convictions of third degree burglary. *Petitioner's Exhibit C*.

³The Anti-Terrorism and Effective Death Penalty Act (the "AEDPA") sets forth a one-year period of limitation applicable to the filing of federal habeas petitions. This Act became effective on April 24, 1996. The Eleventh Circuit, however, adopted a grace period for petitioners whose convictions became final prior to enactment of the AEDPA and provides such persons a reasonable time of "one year from the AEDPA's effective date"-- April 24, 1997 -- to file a federal habeas petition. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998).

2

burglary convictions challenged in the instant federal habeas action] and was filed following expiration of the limitation period." *Id*. at 4. The respondents therefore assert that Burden did not timely file the instant § 2254 petition as the applicable federal limitation period expired on April 24, 1997.

In light of the foregoing, the court entered an order advising Burden that he had failed to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1) and the law of this Circuit. *Order of August 30, 2005 - Court Doc. No. 9* at 2-5. This order also provided Burden an opportunity to show cause why his habeas petition should not be barred from review by this court as untimely filed. Burden submitted a response to this order in which he alleges entitlement to equitable tolling until November of 2004 as this is when he became aware of improprieties with his 1992 convictions and sentences. *Petitioner's September 9, 2005 Response - Court Doc. No. 10* at 2 ("Petitioner assert that ... extraordinary circumstances surround[] his late filing..." such circumstances being "that ... after diligent search and research of facts and information [he only became] aware ... that his 1992 convictions and sentence[s] were illegal on or about Nov. 2004."). This argument does not entitle Burden to relief from application of the one-year period of limitation. Consequently, upon review of the pleadings filed by the parties and applicable federal law, the court concludes that the pending § 2254 petition for writ of habeas corpus is due to be denied as Burden failed to file this petition within the

requisite one-year period of limitation.

## II.  DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for

seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.*

On April 14, 1992, Burden entered guilty pleas before the Circuit Court of Randolph County, Alabama to charges of third degree burglary. The trial court imposed concurrent sentences of fifteen years imprisonment for these convictions on June 15, 1992. Burden did not appeal his burglary convictions. Since Burden failed to follow the direct appeal process, he could not petition the United States Supreme Court for review of his convictions. By operation of law, Burden's convictions for third degree burglary became final on July 27, 1992 -- forty-two days after imposition of conviction and sentence, as this is the date on which his time to seek direct review of his convictions expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. It is therefore undisputed that the convictions challenged in this federal habeas action became final prior to enactment of the

AEDPA. Thus, if the court applied the AEDPA retroactively, the one-year limitation period contained in section 2244(d)(1)(A) would have expired on Burden's convictions in July of 1993. However, the law is well settled that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Burden], whose convictions became final long prior to the effective date of the AEDPA ... 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). Prisoners in this position must therefore be allowed a reasonable period of time after enactment of section 2244(d)'s one-year period of limitation to file their § 2254 petitions and "a reasonable time" is until April 24, 1997 -- "one year from the AEDPA's effective date." *Id.*

### A. Equitable Tolling

Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). Such tolling applies only in truly extraordinary circumstances. *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297

F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see also Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1314 (11th Cir.2001).

Burden maintains that he is entitled to equitable tolling of the limitation period until the time he obtained pertinent facts and information relative to his 1992 convictions and sentences. Under the circumstances of this case, however, this court cannot agree with Burden's assertion of entitlement to equitable tolling because he has failed to show that the delay in filing the instant § 2254 petition resulted from truly extraordinary circumstances beyond his control and unavoidable with the exercise of diligence. The record in this case establishes that Burden participated in the guilty plea and sentencing proceedings from which his habeas claims arise. He therefore had either actual or constructive knowledge of the factual basis for each of the claims presented to this court challenging the constitutionality of his convictions and sentences and, therefore, could have presented such claims to this court in a timely filed § 2254 petition without access to any other information or documents associated with his state court proceedings. Under these circumstances, Burden needed nothing more "to proceed with filing a habeas corpus petition." *Lloyd v. Van Natta*, 296 F.3d 630, 633-634 (7th Cir. 2002), *cert. denied* 537 U.S. 1121, 123 S.Ct. 856 (2003); *McCleskey v. Zant*, 499 U.S. 467, 500 (1991) (where a petitioner has at least constructive knowledge of the factual basis for his claims there is no impediment to the

filing of a federal habeas petition). Moreover, the law is well settled that "there is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief. Rather, Rule 2(c) of the Rules Governing § 2254 Cases provides that a petitioner need only 'set forth in summary form the facts supporting each of the grounds' specified in the petition. *See Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) (habeas corpus petition need not be pleaded with particularity, so citation to transcript unnecessary); *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992 (prisoner not entitled to transcript before filing § 2254 petition)." *Lloyd v. Van Natta*, 296 at 633; *Montgomery v. Meloy*, 90 F.3d 1200, 1203-1204 (7th Cir. 1996) (Petitioner in attendance at state court proceedings "knew or should have known what transpired. He was thus on notice that he should include [post-arrest silence and admissibility of out-of-court statements] in" a properly filed habeas petition.).

To the extent Burden alleges his ignorance of relevant law as a basis for equitable tolling, he is likewise entitled to no relief because neither an inmate's lack of legal knowledge, his failure to understand legal principles, nor the inability to recognize potential claims for relief at an earlier juncture do not constitute an extraordinary circumstance sufficient to warrant equitable tolling. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir.2004) (pro se status and ignorance of the law does not justify equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir.2000), *cert. denied,* 534 U.S. 863, 122

S.Ct. 145, 151 L.Ed.2d 97 (2001)(lack of legal knowledge or legal resources, even in a case involving a pro se inmate, does not warrant equitable tolling); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2000), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001) (a petitioner's pro se status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.1999) (ignorance of the law and pro se status do not constitute "rare and exceptional" circumstances justifying equitable tolling), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir. 2000) (petitioner's pro se status throughout most of the period of limitations does not merit equitable tolling), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling), *cert. denied,* 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999).

In light of the foregoing, the court concludes that Burden has failed to establish an extraordinary circumstance sufficient to justify equitable tolling. Moreover, Burden has presented nothing which indicates that he exercised the requisite diligence in researching or presenting his issues to this court.

### B.  Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed

application for State post-conviction or other collateral review *with respect to the pertinent judgment or claim* is pending shall not be counted toward any period of limitation under this section." (emphasis added). Although Burden filed a Rule 32 petition in January of 2005, this petition had no affect on the running of the federal limitation period applicable to the instant habeas action challenging his 1992 burglary convictions as the Rule 32 petition challenged a 2002 murder conviction imposed upon Burden and was filed after expiration of the limitation period.[4]  "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."  *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("The plain language of the statute provides for tolling '[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending.' 28 U.S.C. § 2244(d)(2). While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-

---

[4] Burden filed this Rule 32 petition in the Circuit Court of Randolph County on January 18, 2005 -- over seven years after the grace period expired.

year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). Thus, the state post-conviction petition filed by Burden in January of 2005 did not toll the limitation period applicable to this federal habeas petition.

### C. Expiration of the Limitation Period

Based on the foregoing analysis, the court concludes that Burden has failed to assert any credible basis for either equitable or statutory tolling of the limitation period until the time he filed this cause of action. The record is devoid of evidence that Burden's delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of diligence. The reasons set forth by Burden for his untimeliness are insufficient to establish the extraordinary circumstances required to warrant equitable tolling of the limitation period. He has likewise presented nothing which demonstrates that he acted diligently in pursuing his federal claims. Thus, this court "cannot say that [Burden] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.' This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5. Consequently, Burden is not entitled to equitable

tolling of the limitation period as he has shown neither extraordinary circumstances nor the diligence necessary to toll the statute. Moreover, no basis exists for statutory tolling.

Burden filed the instant petition for federal habeas corpus relief on July 22, 2005. Under the undisputed facts and circumstances of this case, the time allowed Burden for filing a federal habeas petition expired on April 24, 1997. The limitation period therefore lapsed over eight years prior to Burden filing this federal habeas action and Burden has failed to demonstrate why his petition should not be dismissed as untimely filed.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by Andrew Phillip Burden be denied as it was not filed within the applicable period of limitation established by the law of this Circuit.

2. This case be dismissed with prejudice.

It is further

ORDERED that on or before October 2, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is

not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 19th day of Fenruary, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE