IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

Andrew Phillip Burden,
AIS #148280,
    Petitioner,

v.                                          CIVIL ACTION NO. 3:05-CV-682MEF

Kenneth Jones, et al.,
    Respondent.

## OBJECTIONS TO MAGISTRATE JUDGE FINDINGS AND RECOMMENDATION

Comes Now, the Petitioner, Andrew Phillip Burden, in the above action, and object to the Magistrate Judge findings and recommendation, dated February 19, 2007, and filed September 19, 2007, and show the following:

    1. Petitioner object to the Magistrate Judge findings that the above action is time barred by the AEDPA's one year limitation period established by 28 U.S.C. Section 2241(d)(1).

Petitioner's Section 2254 Habeas Petition is not time barred by AEDPA's one year limitation period.

On April 14, 1992, Petitioner pleaded guilty to two counts of third degree Burglary, and on June 15, 1992, the Court sentenced Petitioner to concurrent Fifteen (15) year sentences. CC-92-17; CC92-20. Petitioner did not appeal the convictions and sentences.

On October 20, 2002, Petitioner was convicted of Murder in the Circuit Court of

Randolph County, Alabama (CC01-115); on December 2, 2002, Petitioner was called before the Trial Court for sentencing, in which the Court used the Burglary Third Degree convictions (CC92-17 and CC92-20) to enhance Petitioner's sentence to Life for the Murder conviction, pursuant to the Habitual Felony Offender Act (13A-5-9, Ala. Code 1975). Notice of appeal was filed in the Alabama court of Criminal Appeals, which affirmed the Trial Court's Judgment (CR-02-0682), June 10, 2005. The Alabama Supreme Court denied Certiorari review and a Certificate of Judgment was issued March 12, 2004.

On November 4, 2004, Petitioner filed a Rule 32 Petition in the Trial Court raising the following grounds for relief:

> The Trial Court lacked Jurisdiction to render judgment
>     or impose sentence, because:
> (1.) He was not represented by counsel at sentencing;
> (2.) The sentence of 15 yr is illegal because the sentencing
>     order donot indicate he was sentenced under the
>     Habitual Felony Offender act.
> (3.) The sentence for Murder was illegally enhanced because
>     the prior convictions (CC92-17 and CC92-20) used
>     were invalid for enhancement purpose.

On December 16, 2004, the Trial Court dismissed the Rule 32 Petition without a hearing.

On December 28, 2004, Petitioner filed Notice of Appeal from the dismissal of his Rule 32 Petition.

The Criminal Court of Appeals affirmed the Trial Court's Judgment dismissing the Rule 32 petition; the Alabama Supreme Court denied Certiorari review July 8, 2005, which a Certificate of Judgment was entered.

On July 26, 2005, Petitioner filed a Habeas Corpus petition pursuant to 28 U.S.C. Section 2254, raising the following grounds for relief.

> (1) The Trial Court lacked jurisdiction to render judgment or to impose sentence because:
>    (A) He was not represented by counsel at sentencing;
>    (B) The sentence of Life is illegal because the sentencing order donot indicate he was sentenced under the Habitual Felony Offender Act.
>    (C) The sentence for Murder was illegally enhanced because the prior convictions (CC92-17 and CC92-20) were invalid for enhancement purposes.

## DISCUSSION SUPPORTING OBJECTIONS

The Magistrate Judge have misunderstood Petitioner's claims. Petitioner is not attacking his 1992 Burglary convictions. It is Petitioner contention that the 1992 Burglary convictions were invalid for enhancement purposes. SEE HABEAS PETITION p.6; MEMORANDUM, P.1.

The Magistrate Judge findings that Petitioner is challenging his convictions for third degree Burglary entered April 14, 1992, is erroneous, and the application of the AEDPA to time bar Petitioner's Habeas Petition is erroneous.

Petitioner is attacking his sentence for Murder based on the 1992 Burglary convictions. The claims in the Petition are not time barred by the AEDPA. It has long been the law that Inmate pro se petitions should be liberally construed. Haines v. Kerner, 404 US 519, 30 L Ed 2d 652, 92 S Ct 594 (1972); Estelle v Gamble.

Wherefore, Petitioner pray this court sustain the objections herein and reject the Magistrate Judge findings and recommendations.

DATED: Sept 30, 2007                    *Andrew P. Burden*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the Office of the Attorney General by placing the same in the United States Mail, Postage Paid and properly addressed this 30 day of Sept, 2007

*Andrew P. Burden*
#148280-B1-52A
Staton Corr. Facility
P. O. Box 56
Elmore, AL 36025

Andrew P Burden.
A.I.S. 148280 / B-131-A
P.O. Box. 56
Elmore. Ala.
36025

MONTGOMERY AL 361
02 OCT 2007 PM 1 T

36101+0711

Office of The Clerk
United State District Court
P.O. Box. 711
Montgomery. Alabama. 36101-0711