IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ANDREW PHILLIP BURDEN,
    Petitioner,

V.

KENNETH JONES, et al.,
    Respondents

CASE NO. 3:05-CV-0682-MEF

REQUEST FOR CERTIFICATE OF APPEALABILITY

Comes now, the petitioner in the above action, and request this Court to issue a Certificate of Appealability and show the following:

FACTS

On October 30, 2002, petitioner was convicted in the circuit court of Randolph County, Alabama of murder and sentenced as a Habitual Felony offender to a term of Life; CR 01-115. The circuit court used cases CC 86-007; CC 87-054; and CC 92-017-20, to enhance petitioner's sentence to Life.

1 OF

Petitioner appealed the conviction (CC01-115) to the Alabama Court of Criminal Appeals that affirmed the judgment on March 12, 2004.

On January 20, 2005, Petitioner filed a motion for Post-Conviction Relief pursuant to Rule 32, Alabama Rules of Criminal Procedure, raising the following grounds for relief:

> The Trial Court Did Not Have Jurisdiction To Impose A Sentence Because The State Did Not Properly Prove The Prior Convictions That Was Used To Enhance His Sentence.

On March 8, 2005, the Circuit Court denied the Rule 32 petition.

On March 28, 2005, Petitioner gave Notice of Intent to Appeal the Circuit Court's March 8, 2005, denial of the Rule 32 petition.

On June 10, 2005, the Alabama Court of Criminal Appeals affirmed the Circuit Court's judgment. (CR-04-1260). Petitioner filed timely Application for Rehearing, which was overruled. (CR-04-1260). SEE EXHIBIT "A". Petitioner filed a timely Petition for Writ of Certiorari in the Supreme Court of Alabama (1041520) which was denied October 14, 2005. SEE EXHIBIT "B".

On _____ 200_, Petitioner filed a Habeas Corpus petition in this Court, challenging the state courts (CC01-115, CR-04-1260, and 1041520) decisions, raising the following grounds:

The Petitioner's Current Sentence (CC01-115) Is Illegal Because The State Used Invalid Prior Convictions (CC86-007; CC87-054; CC92-017-20) To Enhance His Current Sentence.

The magistrate Judge found the petitioner's application is time barred pursuant to 2244(d)(1), and recommended the claims for relief be denied and the action dismissed with prejudice.

The District Court, on October 31, 2007, overruled Petitioner's objections and dismissed the petitioner's application for Writ of Habeas Corpus with prejudice.

In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the Court held that when the District court denies a Habeas Corpus petition on procedural grounds without reaching the prisoner's underlying <u>constitutional claim</u>, a Certificate of Appealability should be issued if the prisoner shows, at least, that jurist of reason would find it debatable whether the petition states a valid claim of the denial of a <u>constitutional right</u>, and that jurist of reason would find it debatable whether the District court was correct in its <u>procedural rulings</u>.

CONSTITUTIONAL CLAIM:

3 OF 5

on the authority of MALENG V. COOK, 490 U.S. 488, 493 (1989), petitioner challenged the legality of his current sentence (CC 01-115) because the current sentence has been unlawfully enhanced or lengthened by the illegal prior convictions (~~____~~); (~~____~~); (CC 92-017-20), witch exceeded the minimum, maximum authorized by law. MALENG V. COOK, supra determined a 2254 petition can be and has been construed as asserting a challenge to the current sentence that was enhanced by invalid prior convictions.

Jurist of reason could find it debatable whether the petitioner's Habeas petition states a valid claim of the denial of a constitutional right.


PROCEDURAL RULING:

The Magistrate Judge is in error holding that petitioner challenged his June 15, 1992 concurrent sentences (CC 92-017-20). The petitioner is not challenging his prior convictions (CC 86-007; CC 87-054; CC 92-017-20) in this court. The convictions became final July 27, 1992, which this court do not have jurisdiction over a petition challenging said convictions or sentences. SEE MALENG V. COOK, supra, 490 U.S. at 492
The petitioner is challenging <u>only</u> the sentence in case CC 01-115 because of invalid prior convictions.
Had this court reviewed the contents of petitioner's Habeas petition it would have seen and understood petitioner's claim(s) and if it could not understand petitioner's

4 OF 5

this court had a duty to order petitioner to clarify the claims in the Habeas petition. Pro se petitions are held to a less stringent summary dismissal standard than petitions filed by counsel. BARNETT V. HARGETT, 174 F.3d 1128, 1131, 1133 (10th CIR. 1999). MCBRIDE V. SHARPE, 25 F.3d 962, 971 (11th CIR. 1994).

Jurist of reason could find the petitioner's claim is not a challenge to prior convictions, but a challenge to his current sentence.

The statute of limitation in 28 U.S.C. SECTION 2244 (d)(1), have not expired in this action.

Jurist of reason could find the statute of limitation in Section 2244(d)(1), have not expired.

Jurist of reason could find a miscarriage of justice if this court misconstrued petitioner's Habeas claims and dismissed with prejudice this action.

Wherefore, petitioner request this court to review the Habeas petition, specifically, the grounds and facts supporting relief under a less stringent standard and issue a certificate of Appealability.

Date: November 28, 2007.

Andrew P. Burden
#148280-B1-31A
P.O. Box 56
Elmore, Alabama
36025

Andrew Burden.
#148280- B-1-31-A.
P.O. Box, 56
Elmore, Ala. 36025

MONTGOMERY AL 361
03 DEC 2007 PM 2 T

HAPPY HOLIDAYS

Office of The Clerk
United State Middle District of Alabama
P.O. Box. 711
Montgomery, Alabama, 36101